UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:13-cr-21-KKC-EBA-3

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.                      **MAGISTRATE JUDGE'S REPORT**
                        **AND RECOMMENDATION**

KRISTIN MARIE CAMPBELL,                                             DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter came before the Court for a final revocation hearing on May 22, 2017, based upon alleged violations of the terms of Defendant Kristin Campbell's supervised release, as set out in the April 5, 2017 Violation Report and May 11, 2017 Addendum Report. The report and addendum outline four (4) violations of Campbell's supervised release. At the final hearing, Campbell was present and represented by retained counsel Wesley Varney, and the United States by and through Assistant United States Attorney Gary Todd Bradbury. Ms. Campbell stipulated to the four violations outlined in the reports, waived her right of allocution before the U.S. District Judge, and exercised her right of allocution before the undersigned.

The parties did not offer a joint recommendation as to sentence. Defense requested a lenient sentence, namely that no incarceration be imposed, and that Defendant be permitted to return to Chrysalis House in Lexington, Kentucky for further substance abuse treatment and rehabilitation. The government recommended that the Court revoke supervision, and impose no further supervision, finding it has been ineffective thus far. Though the Sentencing Guidelines recommend 4-10 months incarceration, the government requested that the Court impose a more severe sentence of between 10 to 16 months, depending on whether the Court imposes further

1

supervision. For the reasons set forth below, the undersigned recommends that Kristin Campbell be found guilty of the four violations outlined in the report and addendum, and recommends that the District Judge impose a sentence of ten (10) months incarceration, with no term of supervised release to follow.

**FINDINGS OF FACT**

At her final revocation hearing, Ms. Campbell stated that all facts and allegations in the April 5, 2017 Violation Report and May 11, 2017 Addendum were true. She admitted before the undersigned that, as alleged in the April 5, 2017 Violation Report, she reported to probation on March 13, 2017 that she had consumed alcohol the previous weekend at a bar with friends while on a pass from inpatient treatment at Chrysalis House. She also admitted that, although she was admitted to the Chrysalis House for substance abuse treatment on October 28, 2016, she discharged herself from the program on March 23, 2017, against the advice of staff and the direction of Probation. She further admitted that, as alleged in the May 11, 2017 Addendum, she used and possessed Oxycodone in violation of the conditions of her supervision.

As a result of her admitted conduct, the Court finds by a preponderance of the evidence that Kristin Campbell committed four (4) violations of the conditions of her supervised release:

FROM THE VIOLATION REPORT OF APRIL 5, 2017:

(1) *Violation No. 1:* The defendant shall abstain from the use of alcohol.

On March 13, 2017, Ms. Campbell reported to probation that she consumed alcohol over the previous weekend while on a pass from inpatient treatment at Chrysalis House. She advised that Chrysalis House was aware of the relapse but agreed to allow her to continue in the program. This is a **Grade C Violation**;

2

(2) *Violation No. 2:* <u>Following incarceration, immediately the defendant will be placed in inpatient drug treatment. The duration of the inpatient drug treatment will be at the discretion of the probation officer. After completion of the inpatient drug treatment, the defendant will be referred for outpatient drug treatment and the defendant must attend said treatment.</u>

Ms. Campbell entered the Chrysalis House treatment program on October 28, 2016, but discharged herself on March 23, 2017, against the advice of staff and direction of probation. This is a **Grade C Violation**;

FROM THE ADDENDUM OF MAY 11, 2017:

(3) *Violation No. 3*: <u>The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.</u>

Ms. Campbell used and possessed Oxycodone a controlled substance. This is a **Grade C Violation**;

(4) *Violation No. 4*: <u>The defendant shall not commit another federal, state, or local crime</u>.

Oxycodone is a Scheduled II Controlled Substance, pursuant to the Controlled Substances Act. Due to the defendant's prior conviction for a controlled substance offense, and with the Sixth Circuit Court of Appeals' ruling that use is the equivalent of possession, simple possession of oxycodone constitutes conduct that would result in a violation of 21 U.S.C. § 844(a), a Class E Felony. This is a **Grade B Violation**.

## **ANALYSIS**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On August 26, 2014, Kristin Campbell was sentenced to twelve months and one day of imprisonment, followed by five years of supervised release, after pleading guilty to Conspiracy to Distribute Heroin, in violation of Title 21 U.S.C. § 846. On November 20, 2014, Ms. Campbell began her five year term of supervised release, scheduled to expire November 19, 2019, through the Pikeville Probation Office.

However, on January 6, 2016, Campbell's supervised release was revoked due to non-compliance following new criminal conduct, namely her association with a convicted felon, failure to report to probation as directed, and failure to report contact with law enforcement. She was sentenced to 10 months incarceration, followed by a life term of supervised release, with the condition that she may petition to terminate supervision after five years of remaining drug and violation-free. On October 27, 2016, Campbell began her life term of supervised release, which included the special condition that she immediately be placed in an inpatient drug treatment program. A bed date of October 28, 2016 was secured at the Chrysalis House in Lexington, Kentucky, and although Ms. Campbell reported to the Chrysalis House eight hours after the specified self-report time, the Court allowed her to remain at Chrysalis House for inpatient treatment, which began on October 28, 2016.

The present proceedings began upon the Court's receiving a Violation Report dated April 5, 2017 from probation, reporting that Ms. Campbell admitted to probation she had consumed alcohol, and had discharged herself from the Chrysalis House against instruction from staff. Defendant came before the Court for an initial supervision revocation hearing on April 14, 2017, [R. 776], and following the hearing, she was released on her previous conditions of release, and a

4

final revocation hearing was scheduled for May 22, 2017. The Court made clear it would ascertain the status of Defendant's compliance at the final hearing.

At the May 22, 2017 final revocation hearing before the undersigned, Defendant stipulated to all four aforementioned violations, and waived her right of allocution before the District Judge. Arguing for a lenient sentence of additional treatment at Chrysalis House rather than incarceration, defense argued that Defendant has clearly suffered from drug and alcohol issues, but has made progress through her treatment and rehabilitation classes, and would more greatly benefit from rehabilitation over incarceration. Defense argued that sobriety does not happen instantaneously, but takes time and progress to achieve, and stressed that Campbell has made progress through her treatment classes. Contending that further jail time would be a step in the wrong direction, defense suggested a longer stint in Chrysalis House would better rehabilitate the Defendant. In the event the Court imposes a term of incarceration, defense asked that it be light, given Defendant's life term of supervision. Kristin Campbell then personally gave a statement before the Court, apologizing and accepting responsibility for her decisions. She expressed that, while she hopes for a lenient sentence, she is prepared for whatever consequence the Court finds appropriate, acknowledging her recent impulsive and detrimental decisions.

In rebuttal, the government stated that the real question before the Court is not whether to impose a term of incarceration, but rather, whether to continue supervision at all once the term of incarceration has been served. The government explained that, while Campbell's life term of supervision once seemed an appropriate deterrent, at this point any further term of supervision would likely prove futile and fruitless, unfortunately, where Defendant is simply unwilling to adhere to the basic conditions of supervision. The government noted that in-patient treatment at

5

long-term treatment facilities like Chrysalis House is the most that can be offered to defendants with addiction issues, and where Ms. Campbell voluntarily discharged herself from Chrysalis House against the express wishes of staff, she has demonstrated that she does not want the government's help. Accordingly, the government recommended that the Court revoke supervision entirely, and impose no further term of supervised release, but impose a steeper sentence of 13-16 months. The Court took the parties' recommendations under submission.

Based upon Defendant's substance abuse history, personal characteristics, and the nature of the underlying heroin distribution offense, the Court finds a substantial term of incarceration is warranted. Since pleading guilty to conspiring to distribute heroin in August of 2014, Campbell has been unable to stay out of trouble. She originally began her five-year term of supervision on November 20, 2014, but by January of 2016, her supervision had been revoked after she associated with convicted felons, failed to report to probation, and failed to disclose contact with law enforcement. Following a term of incarceration, her term of supervised release was increased to life, and she was ordered to undergo substance abuse treatment at the Chrysalis House in October 2016. Yet months later, Ms. Campbell had discharged herself from the facility against the advice of its staff, and soon thereafter tested positive for Oxycodone following a visit by probation. Moreover, Defendant clearly suffers from a history of substance abuse, dating back to an early age, which weighs in favor of incarceration, for the protection of herself and others. According to her PSR, Ms. Campbell (currently 25 years old) first started using heroin and oxycodone when she was approximately 20 years old, taking between 5 and 20 oxycodone 30 mg pills daily. Campbell eventually began to abuse heroin, using two to three grams daily, and tested positive for oxycodone and benzodiazepines while on pretrial release. Based upon her

6

history of opioid abuse, the Court concludes that incarceration is needed. The original heroin offense is concerning enough, but the fact that Defendant has not avoided the lure of opiates, and indicates that a significant term of incarceration is appropriate. In addition, because all efforts of the United States Probation Office have been expended, from supervision to inpatient drug treatment, the Court finds that the Defendant would not benefit from future supervision.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.**

Defendant has a criminal history category of I, and her most serious violation is a Grade B violation. In making a recommendation in this matter, the undersigned considers the fact that this is not the first time Ms. Campbell's supervision has been revoked. The Court finds that the recommended ten-month sentence, with no additional supervision, is severe enough to deter future violations and end the recurring pattern of Defendant's supervision violations and appearances before the Court. A ten month sentence will promote Defendant's own respect for the law and the Court's orders, and will also help protect for the public, and those individuals placed at risk anytime serious narcotic drugs like opiates are involved.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.** In the instant matter, pursuant to U.S.S.G. §7B1.4(a), if Defendant's supervised release is revoked based upon her Grade B Violation and Criminal History Category of I, the range of imprisonment would be four (4) to ten (10) months. The maximum authorized term of imprisonment upon revocation is two (2) years, pursuant to 18 U.S.C. § 3583(e)(3). The

7

maximum term of supervised release that can be re-imposed is life, pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C).

## **RECOMMENDATION**

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, Defendant's past and ongoing criminal conduct, the nature of the instant violations, and the parties' recommendations regarding the need and length of a term of imprisonment.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)  That Defendant Kristin Campbell be found to have committed the four violations listed above, based upon her testimony and admissions to all violations; and

(2)  That Defendant's supervised release be REVOKED, and she be sentenced without delay to ten (10) months incarceration, with no term of supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a

copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed May 30, 2017.



Signed By:
Edward B. Atkins    *EBA*
United States Magistrate Judge